```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| DAVID ROCKEFELLER, | CIVIL ACTION NO. 07-1252 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| STATE OF NEW JERSEY, et al., |  |
| Defendants. |  |

**THE PLAINTIFF PRO SE** applies for in-forma-pauperis relief under 28 U.S.C. § ("Section") 1915 ("Application") in this action brought against the defendants (1) State of New Jersey, (2) New Jersey Office of the Public Defender ("NJPD"), and (3) E. Seagers, listed as NJPD's "chief officer".  (Dkt. entry no. 1, App. & Compl.)  The plaintiff is a prolific pro se litigant, having brought eighteen actions in the United States District Court for the District of New Jersey since May 2004.  He should be well-versed on the proper way to assert federal jurisdiction.  See:

 Rockefeller v. Twp. of Deptford, No. 04-2475 (FLW);

 Rockefeller v. Camden County Probation Dep't, No. 04-4826 (RBK);

 Rockefeller v. Camden County Probation Dep't, No. 04-5615 (JBS);

 Rockefeller v. Vacation Savers, No. 05-211 (RBK);

 Rockefeller v. Camden County Bd. of Soc. Servs., No. 05-3145 (JBS);

 Rockefeller v. Sawyer, No. 05-4550 (RBK);

 Rockefeller v. Marshall, No. 05-4551 (JHR);

 Rockefeller v. Harvey, No. 05-4582 (RBK);

 Rockefeller v. Shaw, No. 05-4585 (JBS);

<u>Rockefeller v. Weal</u>, No. 05-4903 (FLW);
<u>Rockefeller v. Davis</u>, No. 05-4904 (RBK);
<u>Rockefeller v. Haddon Twp. Police Dep't</u>, No. 06-3563 (RMB);
<u>Rockefeller v. State of N.J.</u>, No. 07-1252 (MLC);
<u>Rockefeller v. Boyce</u>, No. 07-1416 (RBK);
<u>Rockefeller v. Camden Mun. Ct.</u>, No. 07-1832 (NLH);
<u>Rockefeller v. State of N.J.</u>, No. 07-1878 (MLC);
<u>Rockefeller v. Cesarano</u>, No. 07-2185 (NLH); and
<u>Rockefeller v. Byrd</u>, No. 07-2186 (JBS).

The Court will address the Application first.  See <u>Roman v. Jeffes</u>, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

**APPLICATION**

The plaintiff states in the Application that he owns nothing of value, is unemployed, and receives no money from any source.  (App.)  But he asserts in the complaint that he is (1) entitled to a 2006 state income tax refund, which suggests that he has income, and (2) "on a fixed income of $862".  (Compl., at 1.)

The Court will deny the Application.  The plaintiff fails to show entitlement to in-forma-pauperis relief, as his statements are self-contradictory.  See <u>Spence v. Cmty. Life Improv.</u>, No. 03-3406, 2003 WL 21500007, at *1 (E.D. Pa. June 26, 2003); <u>Daniels v. County of Media</u>, No. 03-377, 2003 WL 21294910, at *1 (E.D. Pa. Feb. 6, 2003).  It is the plaintiff's burden to "provide the [Court] with the financial information it need[s] to make a determination as to whether he qualifie[s] for <u>in forma pauperis</u> status."  <u>Thompson v. Pisano</u>, No. 06-1817, slip op. at 1 (3d Cir.

Nov. 15, 2006) (dismissing appeal from order denying in-forma-pauperis application).  The plaintiff is not entitled to relief merely because he brings this action pro se and has expenses. See Schneller v. Crozer Chester Med. Ctr., 201 Fed.Appx. 862, 862 (3d Cir. 2006) (dismissing appeal from order denying motion for in-forma-pauperis relief).  If the plaintiff applies again for in-forma-pauperis relief, he should clarify his level of income.

**COMPLAINT**

The Court may (1) review the complaint, and (2) direct sua sponte that it not be filed if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

The Court must construe a pro se complaint liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not credit bald assertions or legal conclusions.  Id.  A complaint is frivolous if it lacks an arguable basis in law or fact, or contains "inarguable legal conclusion[s]" or "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 325, 328 (1989).

> The plaintiff, in the handwritten complaint, alleges:
>
> 1. Fraud
> 2. Theft
> 3. Stealing of money
>
> [The defendants] took my 2006 state return of $708 as funds they state I owed and did not notify me at all in seven years and they had my correct address and still did at any time in two years notified me at all [sic]. I am a senior citizen with cancer and arthritis and I am on a fixed income of $862 and with theft of the $708 that I was looking forward to so I could get medicine and now I cannot.
>
> I guess the best thing to do is die and just leave the state of New Jersey to steal money that they have been [indiscernible word] for years.  The fools had [a certain address] so they stated on 3-13-07 and I know they had my right address.
>
> I am asking for $75,000 damages and court cost and request that [indiscernible word] cases go before a jury.
>
> Hope and pray that I do not die before it is heard.  I do not have any funds to purchase medicine.

(Compl., at 1-2.)  He apparently was represented at some point by the NJPD, and asserts in further support of the claims contained in the complaint that "I filed the complaint . . . because of the money stolen by the [NJPD] and at no time did they notify me of any amount due them".  (Dkt. entry no. 5, Pl. Letter.)[1]

---

[1] He also asserts:

> I truly promise all if this case is dismissed and this will serve notice that, I have written a letter to the highest court in the United States of America located in Washington, D.C. to receive the necessary information to file the case/ complaint with the court.

(Id.)

4

**COMPLAINT WILL NOT BE FILED**

**I.    Jurisdiction Under Section 1332**

The plaintiff, if attempting to bring his claims pursuant to Section 1332, fails for four reasons.  First, the Court has such jurisdiction "where the matter in controversy <u>exceeds</u> the sum or value of $75,000, exclusive of interest and costs"; he seeks only "$75,000 damages".  (Compl., at 2.)  28 U.S.C. § 1332(a) (emphasis added).  Second, the actual matter in controversy involves only $708, and thus does not meet the monetary threshold.  (Compl., at 1.)  Third, the plaintiff is not a "citizen[] of [a] different State[]" in relation to each defendant.  28 U.S.C. § 1332(a)(1).  Fourth, there is no jurisdiction in "a suit between a state and citizens on the ground of citizenship, for a state cannot, in the nature of things, be a citizen of any state" for the purposes of jurisdiction under Section 1332.  <u>Stone v. S.C.</u>, 117 U.S. 430, 433 (1886); <u>see</u> <u>Brown v. Francis</u>, 75 F.3d 860, 865 (3d Cir. 1996) (stating same); <u>Harris v. Pa. Tpk. Comm'n</u>, 410 F.2d 1332, 1333 n.1 (3d Cir. 1969) (stating "neither a state nor its alter ego is a citizen for purposes of diversity jurisdiction").

**II.   Jurisdiction Under Section 1331**

The plaintiff, if attempting to bring his claims pursuant to Section 1331, fails because he does not assert any cognizable federal cause of action.  He fails to give "fair notice of what [his] claim is and the grounds upon which it rests," and thus

comply with minimum pleading standards.  Conley v. Gibson, 355 U.S. 41, 47 (1957); see Fed.R.Civ.P. 8(a) (requiring complaint to state "grounds upon which the court's jurisdiction depends").

Perhaps the plaintiff brings his claims under 42 U.S.C. § 1983 against the State of New Jersey, the NJPD, and the NJPD's chief officer.  But the Eleventh Amendment bars that type of claim from being brought in federal court against the state, its agencies, and its officials when acting in their official capacity, as immunity has been neither waived by the state nor otherwise abrogated.  Ryerson v. N.J., No. 06-1214, 2007 WL 749813, at *6 (D.N.J. Mar. 7, 2007) (discussing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984)); Johnson v. State of N.J., 869 F.Supp. 289, 295-96 (D.N.J. 1994) (same).  The Court may dismiss these claims now on that ground.  See Hunterson v. DiSabato, No. 06-4409, 2007 WL 1771315, at *1 (3d Cir. June 20, 2007) (stating court may consider, and dismiss claim based on, affirmative defense when action brought in conjunction with in-forma-pauperis application).[2]

### III. Claims Under State Law

The plaintiff may bring his claims in state court insofar as they may be construed to be under state law.  See 28 U.S.C. §

---

[2]  These claims are barred by the Tax Injunction Act to the extent that they can be construed as concerning an "assessment, levy or collection of any tax under State law".  28 U.S.C. § 1341.

1367(c)(3); see also 28 U.S.C. § 1367(d) (permitting thirty days to recommence state-law claim in state court).

## CONCLUSION

The Court will (1) deny the Application, and (2) direct the Clerk of the Court to not file the complaint, as it fails to state a claim on which relief may be granted and seeks monetary relief against defendants who are immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  The plaintiff, if he moves for reconsideration, must address all of the Court's concerns in an amended Application and an amended complaint.  The Court will issue an appropriate order and judgment.

```
                              s/ Mary L. Cooper
                           MARY L. COOPER
                           United States District Judge
```